IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| RICARDO MEDRANO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5:09-0570 |
| ) | |
| DAVID BERKEBILE, Warden, ) | |
| FCI Beckley, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Plaintiff's letter-form Motion to Withdraw and Dismiss Complaint (Document No. 7.), filed on August 4, 2009. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.)

**FACTUAL AND PROCEDURAL HISTORY**

On May 18, 2009, Plaintiff, proceeding *pro se* and in confinement at FCI Beckley, filed a letter addressed to the Clerk of the Court in which he complained that he was assaulted by two inmates at FCI Beckley. (Document No. 2.) Specifically, Plaintiff stated as follows:

> The following incident transpired on April 19, 2009, in unit Pine-AL, time of day 3:00 p.m. to 4:00 p.m., the following inmates rushed into my cell/room: Linwood Gray, reg. number 00795-016; Richard Jefferson, reg. number 14921-080; and Kareem Watts, reg. number 04772-007. Mr. Linwood Gary came into my cell accusing me of being a rat and a f**cking snitch in front of another individual (Marc Hill) & that he should kill me, that I deserve to be killed & be thrown in a ditch & he put his hands up to my neck, all the time I tried to tell him and Marc that it wasn't true & that I would try to get my PSI & Mr. Linwood said for what, so I could alter it. That he knows the law & he knew all the tricks. That I was a f**ucken liar & he said he had the proof & he had Richard Jefferson summoned and Mr. Jefferson came in and told everyone in the room that I was a snitch. That he did my legal typing for me & that I did cooperate with the government and he gave a brief summary of what he typed for me in the past (5 months ago) and not to lie that I was a confidential informant & was a paid informant for the government & that my cover was up, just

> to admit it. I then tried to explain that it was someone else's legal stuff, not mine, & that is when Mr. Linwood Grey started up with me. All the while Kareem Watts was guarding the door to my room/cell & I couldn't leave my cell to leave & inform the correctional officer in the Unit that I didn't want to be in there anymore and Mr. Linwood just kept coming at me threatening and told me to wait till we came off lock down for count and not to go to the cops cause he wasn't finished with me. That he was going to inform everyone that I was a snitch, including telling the Mexicans. So they could take care of me like they should have a long time ago & Mr. Jefferson waited till they walked out of my cell and told me that I should just go hide in a corner somewhere. . . These actions by the mentioned individuals put my life in danger with the Mexicans and other gang members in this compound & this will follow me to whatever facility I go to. So before I got hurt or sustained any physical injury, I requested to go to protective custody for my safety from these individuals and God only knows what would have happened if I would have remained in population.

Plaintiff asserted that FCI Beckley staff did not adequately provide for his safety, which resulted in Plaintiff's placement in "protective custody, special housing unit section, and being locked down 24 hours, 7 days a week for an untold period of time restricted of liberty of movement in this institution and if FCI at Beckley chooses not to address or do anything about this never ending problem, these abusive acts will continue."

By Order entered on May 20, 2009, the undersigned considered Plaintiff's letter as an attempt to initiate a civil action under Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) and directed the Clerk to open a new civil action and include therein a copy of Plaintiff's letter. (Document No. 1.) The undersigned further ordered that the Clerk send Plaintiff a copy of a form Complaint and Application to Proceed *in forma pauperis* and that within 30 days of the date of entry of this Order (1) Plaintiff file, if he wished, the form Complaint specifying, among other things, the Defendant(s) in his Bivens action and stating his claims, and (2) Plaintiff either pay the $350.00 filing fee or file the Application to Proceed *in Forma Pauperis* and other documents as required by 28 U.S.C. § 1915(a)(1) and (2). (Id.)

On June 12, 2009, the undersigned received a letter from Plaintiff indicating that staff at FCI Beckley were (1) engaging in harassing and retaliatory conduct against Plaintiff, (2) denying Plaintiff timely access to the law library in efforts to impede his ability to file his form Complaint, and (3) refusing to complete the required sections of Plaintiff's Application to Proceed *in forma pauperis*.(Document No. 6.) Specifically, Plaintiff stated as follows:

> I'm writing in regards to a civil action suit that was filed on May 20, 2009, case number 5:09-0570.
> I'm sorry to say that ever since that I received your Order and permission to move forward to file a complaint, and prison personnel having notice via-mail room, I have been a target of a campaign of harassment while in administrative segregation. Just yesterday, I was harassed by Special housing Unit Officer Jeff James, "aka" J.J., concerning my common fare (Jewish meal). When I addressed him about my common fare meal, he, Mr. James, specifically stated "there is more food on compound mainline, what are you going to do sue for your meal too, you scary dude." In other words, letting the other inmates in C-range know that I was in protective custody, a check-in for protective custody from other inmates.
> The following complaints are as follows:
> Special Housing Unit Property Officer R. Day refusing to give the remainder of my legal work in my property and in which a time deadline is also an issue on legal litigation. The law library coordinator, Ms. B. Bowman, is refusing to give me access to the law library. I've shown her the 30 days notice on your order by which to respond and til his day she has not given me any of the cases that are on the Magistrate's order in which she is enforcing her own rules in giving three books per week. I've shown her that there were 23 case cites on the order and she stated that "the Magistrate can order an extension." Moreover, I had informed the Associate Warden who is over the Education Department and he said he would take care of it and nothing has been accomplished of this issue. Last, but not least, my Correctional Counselor, Mr. Wescott, denied to sign off on my in forma paupers application so that I may send the applications in a timely fashion to the Clerk of the Court. In which "C.C." Wescott came to C-range and ejected the six month statements under the door and walked away after my constant harping for him, he just kept going and any other request concerning my person have gone unaddressed, from me exhausting my administrative remedies concerning the Prison Litigation reform Act Procedures.
> Honorable Judge VanDervort, if it would not be an inconvenience on you to request, if your office could please intervene in addressing the harassment issues that I am faced with. There is also an even stressful issue that has come to my attention by other inmates. An issue of assault/death by Special Housing Unit Officials in Beckley, with this I would like to attest that I am competent of mind and making these statements free of will under Section 1746 and that I love God & myself too much to hurt myself or another person. If an illegal death becomes of my being, I'm letting this be known to this honorable Court in advanced while I am at this

3

institution, or by staff placing me in a cell with rival individuals that I should not be around.

On June 17, 2009, Plaintiff filed a Motion for Extension of Time to Respond to the Court's May 20, 2009, Order. (Document No. 4.) Plaintiff indicated that he was having difficulty gaining access to the law library at FCI Beckley and his counselor would not sign his *in forma pauperis* application. Thus, Plaintiff requested a 45 day extension of time to respond to the Court's May 20, 2009, Order.

By Order entered on June 19, 2009, the undersigned found that Plaintiff's letters dated May 5, 2009 (Document No. 2.) and June 9, 2009 (Document No. 6.), should be considered together as a letter-form Complaint initiating a civil action under Bivens. (Document No.5.) The undersigned further granted Plaintiff's Motion for Extension of Time and ordered Plaintiff to either pay the Court's filing fee of $350 or complete and file an Application to Proceed Without Prepayment of Fees and Costs within 45 days from the date of the Order. (Id., p. 4.)

On August 4, 2009, Plaintiff filed a letter-form Motion for Voluntary Dismissal. (Document No. 7.) Specifically, Plaintiff "requests this honorable court to dismiss this case without prejudice pursuant to Rule 41(a)(1)(B) until plaintiff has exhausted his complaint with the Prison Litigation Reform Action (P.L.R.A.)."

## **ANALYSIS**

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a plaintiff may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

4

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

Defendants have neither filed an Answer to Plaintiff's Complaint nor otherwise pled. Accordingly, the undersigned respectfully recommends that Plaintiff's Motion requesting voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that the instant civil action be dismissed under Rule 41(a)(1)(A)(i) without prejudice. See e.g., Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Plaintiff's Motion to Withdraw and Dismiss Complaint (Document No. 7.), **DISMISS** Plaintiff's Complaint

(Document Nos. 2 and 6.) without prejudice and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have thirteen days from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Johnston and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*.

Date: August 21, 2009.

*[signature: R. Clarke VanDervort]*
R. Clarke VanDervort
United States Magistrate Judge